JOHN BUTTRICK *vs.* TAPPAN WENTWORTH & others.

The conveyance of an equity of redemption of land which is subject to a mortgage containing a power of sale gives to the grantee the right to the surplus which may remain to be accounted for by the mortgagee, upon a sale of the premises under the power of sale.

BILL IN EQUITY in the nature of a bill of interpleader, by the mortgagee of real estate, to ascertain the proper disposition to be made of the surplus remaining in his hands to be accounted for, upon a sale of the premises under a power of sale contained in the mortgage.

At the hearing in this court, before *Merrick*, J., it appeared that Owen Mahon, the former owner of the premises, conveyed them to the plaintiff in mortgage, with power of sale, on the 15th of June 1840 ; that on the 23d of June 1846 and the 10th of December 1851, respectively, he executed mortgages of the equity of redemption thereof to Stephen Castles, and on the 10th of March 1852 executed a deed thereof to him ; that on the 26th of May 1852 Castles executed a mortgage of the premises to the defendant Wentworth, and on the 19th of December 1854 conveyed the premises by deed to Mary Mahon, wife of Owen Mahon. Mary Mahon has since died intestate, leaving issue. On the 5th of June 1860 Buttrick sold the premises under the power of sale contained in his mortgage, and holds the sum of $890.37 as the surplus of the proceeds, after satisfying his debt, to be accounted for to such person or persons as may be entitled thereto. Upon these facts, the judge ruled that the defendant Wentworth is entitled to said sum, and reported the case for the consideration of the whole court.

*W. P. Webster*, for Owen Mahon.

*T. Wentworth, pro se.*

METCALF, J. Under the conveyances and proceedings set forth in the report of the judge before whom the case was heard, we cannot doubt that the heirs of Mahon have no legal claim to the $890.37 now in the hands of Buttrick, the plaintiff, or to any part thereof, and that Wentworth, one of the defendants, is alone entitled thereto.

Mahon, by his two mortgages and deed in fee to Castles, parted with all his interest in the mortgaged premises, and conveyed the same to Castles, subject only to the prior mortgage to Buttrick, which contained a power of sale that has been executed. Castles afterwards mortgaged the same premises to Wentworth, and then conveyed them to the wife of Mahon. Wentworth acquired Castles' right to redeem from Buttrick, with the legal incidents of an assignment of an equity of redemption. He became entitled to the rights which Castles had before making the mortgage to him. One of those rights of Castles, as assignee of Mahon's right to redeem from Buttrick, was that of receiving from Buttrick what should remain in his hands, as the avails of the sale of the mortgaged premises under the power of sale, after deducting the amount required to pay the debt secured by his mortgage. 1 Washburn on Real Property, 500.

The wife of Mahon took from Castles only a right of redeeming from Buttrick and from Wentworth. That right ceased when the premises were sold by Buttrick.

The decree will be, that Buttrick pay to Wentworth the sum of $890.37, and interest thereon for the time during which he has received interest, (to wit, for eighteen months, amounting to $80.13,) deducting ten dollars for his bill, the costs of one term, and the expense of copies for the full court.